IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARC ANTHONY BROWN, TDCJ #679706, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. H-10-3870 |
| OWNER OF FM RADIO STATION 97.9 THE BOX, | | |
| Defendant. | | |

## MEMORANDUM AND ORDER

The plaintiff, Marc Anthony Brown (TDCJ #679706), is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Brown has filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that the owner of a local radio station has violated his civil rights. Brown has recently filed an amendment to his complaint. [Doc. # 5]. Brown seeks leave to proceed *in forma pauperis* and he also requests appointment of counsel. [Docs. # 2, # 6]. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

### I.    BACKGROUND

Brown is currently incarcerated at the Ferguson Unit in Midway, Texas. Brown explains that, from February of 2010, through the time he executed his civil rights complaint on or about August 29, 2010, he has been listening to a Houston FM radio station known as

"97.9 the Box." Brown contends that disc jockeys at this radio station have repeatedly insulted him while using "karaoke type rapping (which is called freestyling)." Brown complains that the disc jockeys have made up disrespectful song lyrics about him for the purpose of causing mental and emotional abuse. In particular, Brown claims that the station's disc jockeys have used "gay and racial remarks" towards Brown and have also threatened him with harm. The disc jockeys have also invaded his privacy and put his life at risk from other inmates. During a radio broadcast in August of 2010, one of the disc jockeys reportedly told Brown that he was using a satellite to watch him.

Brown believes that the owner of the radio station is "making billions" of dollars, while the disc jockeys are making "millions" from the freestyle segments that target Brown for harassment. Brown notes that the radio station is selling "Marc Brown t-shirts," for which he receives no compensation. In his pending civil rights complaint, Brown maintains that the radio station's owner is liable for "demoralization" and "life endangerment" caused by the disc jockey's "vulgar and rude remarks." Brown seeks $570 million in compensatory and punitive damages. The Court concludes, however, that the complaint must be dismissed as frivolous under the governing standard of review.

## II.    **STANDARD OF REVIEW**

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole

or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

The plaintiff proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519 (1972). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle*[ *v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must

3

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

### III.   DISCUSSION

The complaint in this case is based on allegations that disc jockeys employed at 97.9 the Box have monitored Brown's activities at the Ferguson Unit by satellite while verbally threatening and disparaging Brown over the radio. A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Even under the standard of liberal construction accorded to *pro se* pleadings, the allegations outlined in Brown's complaint qualify as "fanciful," "fantastic," "delusional," and therefore factually frivolous. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989)). More importantly, the complaint fails to state a claim as a matter of law for reasons set forth briefly below.

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two elements: (1) that the conduct complained of was committed by a state actor under color of state law, and (2) that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990). The pleadings, which wholly fail to demonstrate a plausible link to government action, also fail to articulate

a constitutional violation. In that regard, it is well established that verbal insults or epithets in the prison context do not amount to a constitutional violation and are not actionable under 42 U.S.C. § 1983. *See Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995) (citing *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983)); *Bender v. Brumley*, 1 F.3d 271, 274 n.1 (5th Cir. 1993); *Spicer v. Collins*, 9 F. Supp.2d 673, 683 (E.D. Tex. 1998) (citations omitted). Because Brown does not articulate a constitutional violation or facts showing that a state actor caused such a violation, the complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B) for this additional reason.[1]

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* [Doc. # 2] is **GRANTED**.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Marc Anthony Brown (TDCJ #679706) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's motions for leave to amend and for appointment of counsel [Docs. # 5, # 6] are **DENIED** as **MOOT**.

---

[1] Likewise, to the extent that Brown claims only mental or emotional distress, the PLRA expressly provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005).

4.  The plaintiff's complaint is **DISMISSED** with prejudice as frivolous for purposes of 28 U.S.C. § 1915(e)(2)(B).

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on October 19, 2010.

_____
Nancy F. Atlas
United States District Judge